IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
November 25, 2024 12:30 PM
ST-2016-CV-00563
**TAMARA CHARLES**
**CLERK OF THE COURT**



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PAUL M. MONTRONE REVOCABLE TRUST OF 2010,<br><br>        Plaintiff/Counterclaim Defendant,<br>        vs.<br><br>KEVIN COGAN,<br><br>        Defendant/Counterclaim Plaintiff. | CASE NO. ST-2016-CV-00563<br><br><br>**ACTION FOR DEBT** |
| KEVIN COGAN,<br><br>        Third-Party Plaintiff,<br>        vs.<br><br>MICHELE MONTRONE COGAN and PAUL M. MONTRONE,<br><br>        Third-Party Defendants. | **ACTION FOR FRAUD, CONSPIRACY, FORGERY, and CRIMINALLY INFLUENCED AND CORRUPT ORGANIZATIONS ACT VIOLATION**<br><br>**JURY TRIAL DEMANDED** |
| RUTH ANN MAGNUSON, in her capacity as Real Estate Commissioner,<br><br>        Intervening Plaintiff,<br>        vs.<br><br>PAUL M. MONTRONE REVOCABLE TRUST OF 2010; KEVIN COGAN; and MICHELE COGAN,<br><br>        Intervenor's Defendants. | Cite as 2024 VI Super 51U |

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on Defendant Kevin Cogan's Motion for Partial Summary Judgment, filed May 17, 2018.[1]

---

[1] This matter is fully briefed. Plaintiff filed an opposition on June 1, 2018, and Defendant filed a reply on June 13, 2018. Plaintiff filed a Motion to Strike Defendant's Partial Motion for Summary Judgment and Partial Discharge of Attachment. The Motion to Strike will be denied under separate order.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 2 of 16

For the reasons set forth below, the motion will be denied.

## BACKGROUND

**¶2**     The Paul M. Montrone Revocable Trust of 2010 ("Trust") was established pursuant to New Hampshire laws. Am. Compl. ¶ 3. Defendant Kevin Cogan ("Kevin") and Third Party Defendant Michele Cogan ("Michele") were amid divorce proceedings in New Hampshire when the instant lawsuit was filed. Compl. ¶ 4, n. 1. During their marriage, Kevin and Michele owned real property on St. Thomas, described as Parcel Nos. D-13 and D-14 Consolidated Estate Lovenlund, No. 2 Great Northside Quarter, St. Thomas, U.S. Virgin Islands (hereinafter "the Property"). Am. Compl. ¶ 5.

**¶3**     The Trust alleges Kevin and Michele, husband and wife (sometimes herein "the Cogans") borrowed $7,772,228.28 from the Trust and Paul M. Montrone. Am. Compl. ¶ 6. That sum allegedly encompassed eight (8) promissory notes with dates ranging from June 1, 2012, to November 4, 2015. Am. Compl. ¶ 7. According to the complaint, the specific loans were as follows:

a.   June 1, 2012: $4,964,779.00

b.   September 24, 2012: $158,000.00

c.   April 10, 2013: $160,000.00

d.   August 30, 2013: $180,000.00

e.   February 28, 2014: $1,919,449.28

f.   October 16, 2014: $140,000.00

g.   May 11, 2015: $130,000.00; and

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 3 of 16

> h. November 4, 2015: $120,000.00

*Id.*

¶4    In the complaint, the Trust alleges that Kevin and Michele have failed to "make timely payments of principal and interest" on five notes. ¶ 9. *Id..*   But the Trust only seeks payment from Kevin—and not Michele—which explains why Kevin filed a third party complaint against Michele.[2]

¶5    Defendant Kevin Cogan filed the instant motion for partial summary judgment which seeks a dismissal of the Trust's claims with respect to the June 1, 2012 Note for $4,964,779.00.[3] Kevin argues that the June 1, 2012 Note lacks valid consideration and, as a result, is unenforceable. The Trust counters that Kevin waived the affirmative defense of failure of consideration by not raising it in his answer, and further argues Kevin has offered no evidence that the Note lacks consideration. The court addresses each of these points in turn.

---

[2] Kevin's third-party complaint against Michele not only seeks contribution on any sums he owes on the Notes, but also alleges Michele participated in the fraud and conspiracy.

[3] Kevin originally moved for partial summary judgment on both the June 1, 2012 Note and the February 28, 2014 Note. However, in the Defendant's reply briefing, Kevin subsequently moves to withdraw the portion of his motion that sought summary judgment on the February 28, 2014, Trust Note. *See* Def.'s Reply, page 14, n. 7: "Upon further review of the evidence, Defendant withdraws its Motion with respect to the February 28, 2014 Trust Note for $1,919,449.28." Therefore, the court will not consider the portion of Defendant's original motion concerning the February 28, 2014 Note.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion — Kevin Cogan's motion for summary judgment
Page 4 of 16

## UNDISPUTED MATERIAL FACTS[4]

¶6 **Construction of Casa Sul Mare:**

1. Kevin and Michele moved to St. Thomas, Virgin Islands, in 2001.[5]

2. In 2003, Kevin and Michele purchased two parcels of land described as D13 and D14, Estate Lovenlund, St. Thomas, Virgin Islands, for approximately $117,000, to build a new home.

3. Kevin and Michele initially took out a construction loan in the amount of $850,000 from the Bank of Nova Scotia to begin construction of their home, *Casa Sul Mare*.

4. However, as of June 2003, all the proceeds from Bank of Nova Scotia had not been distributed and the Cogans borrowed $300,000 from Paul M. Montrone to begin the construction project.

5. The estimated cost to build *Casa Sul Mare* was $6,800,000.

---

[4] According to V.I. R. CIV. P. 56(c)(2)(B), "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied pursuant to subpart (c)(1) of this Rule, using the corresponding serial numbering, either: (i) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (ii) stating that the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number." Plaintiff has failed to do that in this case, only providing their own list of facts rather than addressing Defendant's statement of facts. Additionally, according to V.I. R. CIV. P 56(c)(3), a movant shall respond to any additional facts asserted by the non-moving party by filing a response using the corresponding serial numbering of each such fact to state whether the fact is disputed or not. the Court may act in accordance with V.I. R. CIV. P. 56(e), which permits the court to …consider the fact undisputed for purposes of the motion. However, the court only adopted the facts that are completely supported by the record.

[5] The court notes that Plaintiffs, in drafting their undisputed facts in response, incorporate the undisputed facts they set forth in pages 3 through 5 of their Motion for Summary Judgment on December 6, 2017. As such, the court will only include those undisputed facts set forth in pages 3 through 5 of the Plaintiff's December 6, 2017 Motion for Summary Judgment. *See* Pl.'s Memorandum of Law in Opp'n to Def.'s Mot. for Partial Summ. J., page 4: "The Trust has already set out the relevant facts in pages 3 through 5 of its December 6, 2017, motion for summary judgment, which the Trust incorporates here in full. Only those essential to Kevin's motion will be repeated."

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 5 of 16

6. On October 17, 2003, the Cogans opened a $765,000 line of revolving credit with Wells Fargo Bank to assist in the cost of construction of the home.

7. In September 2005, the line of credit was then increased to $900,000.

8. The construction of the *Casa Sul Mare* home was still not completed in 2006.

9. Kevin and Michele were without proper financial funding to finish the completion of the project.

10. In 2006, Kevin and Michele turned to Michele's father, Paul Montrone, for help in financing the completion of the *Casa Sul Mare* project.

¶7    **Montrone Loans:**

11. Kevin and Michele Cogan ("the Cogans") turned to Paul M. Montrone for additional financing in a series of nine (9) loans:

   a. On June 1, 2006, the Cogans executed a promissory note to pay Montrone the sum of $300,000 with an annual interest rate of 5.08%.

   b. On August 11, 2006, the Cogans executed a promissory note to pay Montrone the sum of $500,000 with an annual interest rate of 5.21%.

   c. On January 2, 2007, the Cogans executed a promissory note to pay Montrone the sum of $500,000 with an annual interest rate of 4.58%.

   d. On March 1, 2007, the Cogans executed a promissory note to pay Montrone the sum of $500,000 with an annual interest rate of 4.56%.

   e. On June 7, 2007, the Cogans executed a promissory note to pay Montrone the sum of $500,000 with an annual interest rate of 4.64%.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 6 of 16

    f.   On August 3, 2007, the Cogans executed a promissory note to pay Montrone the sum of $300,000 with an annual interest rate of 5.09%.

    g.   On October 1, 2007, the Cogans executed a promissory note to pay Montrone the sum of $300,000 with an annual interest rate of 4.35%.

    h.   On November 13, 2007, the Cogans executed a promissory note to pay Montrone the sum of $300,000 with an annual interest rate of 4.39%.

    i.   On May 12, 2008, the Cogans executed a promissory note to pay Montrone the sum of $500,000 with an annual interest rate of 2.74%.

12.  In combination, the nine loans totaled Three Million Nine Hundred Thousand Dollars ($3,900,000).

13.  By August 2009, Kevin and Michele owed an additional $414,779 in interest to Montrone.

14.  On August 20, 2009, the parties agreed to consolidate the loans into a new promissory note in the amount of $4,314,779.

15.  The new interest rate on the August 20, 2009 Promissory Note was 0.83%.

16.  All the previous loans were cancelled and otherwise consolidated in the new August 20, 2009 Note.

17.  The notes were all payable "to the order of" Paul Montrone.

## ¶8   The Trust:

18. Plaintiff Paul Montrone Trust was created and executed pursuant to New Hampshire law in 2010.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 7 of 16

19. Kevin and Michele were both named as beneficiaries of the Trust.

20. Divorce proceedings were initiated between Kevin and Michele in March of 2016.

21. After the divorce proceedings began, Kevin's interest in the Trust was eliminated.

¶9      **Additional Loans Borrowed from the Trust:**

22. Plaintiff Paul Montrone Trust was created and executed pursuant to New Hampshire law in 2010.

23. On June 30, 2011, the Cogans borrowed $300,000 from the Trust and executed a promissory note for that sum with an interest rate of 0.46%.

24. On September 27, 2011, the Cogans executed a note in the amount of $200,000 with an interest of 0.26%, payable to the Trust.

¶10     **Language in all notes**

25. All notes state they were given "FOR VALUE RECEIVED".

26. All notes state they "shall be construed and enforced in accordance with the laws of the State of New Hampshire, without giving effect to its conflict of laws provision."

## LEGAL STANDARD

¶11     The Virgin Islands Rules of Civil Procedure Rule 56 contains the legal standard for granting summary judgement. V.I. R. Civ. P. 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 8 of 16

¶12    Additionally, V.I. R. Civ. P. 56(c)(1) states that "[e]ach summary judgment motion shall include a statement of undisputed facts in a separate section within the motion." The undisputed fact shall be "supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact." *Id.* A moving party for summary judgment bears the burden of showing no genuine issue of any material fact exists and that it is entitled to judgment as a matter of law. V.I. R. Civ. P. 56(a).

¶13    Summary judgment is a "drastic remedy" and only proper where the moving party shows that there is no genuine issue as to material fact. *Rogers v. Gov't Employees' Ret. Sys. of the U.S. V.I.*, 2022 V.I. LEXIS 45, *14, 2022 WL 1537172 at ¶ 26 (citing *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 228 (V.I. 2013) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)). An entry of summary judgment may be denied where a genuine dispute over facts that might affect the outcome of the lawsuit exists. *Roy v. Banco Popular De Puerto Rico*, 2018 V.I. LEXIS 90, at *3 (V.I. Super. Mar. 28, 2017) (citing *Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 2017 V.I. LEXIS 150, *5 (V.I. Super. Ct.) (quoting *Williams*, 50 V.I. at 194)).

## ANALYSIS

### 1. The June 1, 2012 Trust Note.

#### a. Consideration as an affirmative defense.

¶14    Kevin moves for dismissal of the Trust's debt action on the June 1, 2012 Trust Note ("June 2012 Note") on the grounds that the Note lacked consideration. The Trust contends that lack of consideration is an affirmative defense that Kevin had a duty to plead in his answer to the complaint. The Trust points out that Kevin failed to raise the affirmative defense of lack of

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 9 of 16

consideration in his answer to the complaint.[6] On that basis, the Trust asserts Kevin has waived the issue of lack of consideration on the June 2012 Note. Kevin counters that failure of consideration was raised several times in Defendant's Answer and Counterclaims and argues that the waiver argument is without merit.[7] For example, Kevin points to Paragraph 63 in the Answer and Counterclaims which states: "Upon information and belief, on or around June 1, 2012, Plaintiff, Montrone, and Michele Montrone Cogan agreed to convince Kevin Cogan to sign a fraudulent promissory note for which Plaintiff, Montrone, and Michele Montrone Cogan knew Kevin Cogan had not received the required consideration alleged in the Complaint."[8] According to Kevin, other similar statements regarding lack of consideration are found in Paragraphs 39, 40, 42, 64, 65, 66, 67, and 72 of his counterclaim.

¶15    The Virgin Islands Rules of Civil Procedure are the governing authority on the general rules of pleadings in the Virgin Islands.[9] Rule 8(c)(1) states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." V.I. R. CIV. P. 8(c)(1). The rule incorporates the "failure of consideration" as an affirmative defense that must be pled in the Answer. *Id.*

¶16    The court agrees with the Trust's argument that lack of consideration is an affirmative defense that must be adequately stated. V.I. Civ. P. 8(c)(1). And clearly Kevin's answer includes

---

[6] Pl.'s Opp'n at 9-10, 19.

[8] Def.'s Reply at 1-2, 15.

[9] The Defendant's Answer and Counterclaims were filed on October 21, 2016, prior to the adoption of the Virgin Islands Rules of Civil Procedure on March 31, 2017. Nonetheless, the instant Motion for Partial Summary Judgment was filed after the adoption date, on May 17, 2018. In addition, the Federal Rules of Civil Procedure 8(c)(1)-(2) are identical to the V.I. R. Civ. P. 8(c)(1). *See* FRCP 8(c)(1): In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including...... failure of consideration." As such, the outcome here is the same under both the Federal Rules of Civil Procedure and the Virgin Islands Rules of Civil Procedure. Thus, the court concludes that Virgin Islands Rules of Civil Procedure Rule 8 governs.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion -- Kevin Cogan's motion for summary judgment
Page 10 of 16

no mention of the failure of consideration in the affirmative defenses section of his Answer and Counterclaims.[10] On those grounds, it might appear Kevin waived the affirmative defense. V.I. R. CIV. P. 8(c)(1).

¶17    However, although Kevin did not make this argument, the court notes that V.I. R. CIV. P. 8(c)(2) states that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." V.I. R. CIV. P. 8(c)(2).

¶18    There is no doubt Kevin only asserted three counterclaims: Count One – Fraud, Count Two – Conspiracy, and Count Three – CICO. However, Kevin's counterclaims discuss and raise lack of consideration within several paragraphs in the counterclaims. The court finds that discussing lack of consideration within several Paragraphs related to Conspiracy and CICO counterclaims is sufficient to put the Trust on notice that Kevin had raised the failure of consideration. Accordingly, the court will consider lack of consideration as an affirmative defense. V.I. R. CIV. P. 8(c)(2).[11]

### b.  Kevin Cogan is not entitled to summary judgment.

¶19    A moving party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. CIV. P. 56(a). Moreover, if a fact is disputed, it must relate to the outcome of the suit to preclude an entry of summary judgment. *Polanco v. Southern Holdings, LLC*, 2024 VI 8, at ¶ 19 (V.I. 2024)

---

[10] *See* Def.'s Answer and Countercls, at 2-4.

[11] The language of Rule 8(a) of the Virgin Islands Rules of Civil Procedure communicates that the "Virgin Islands continues to adhere to the traditional "notice" pleading ethos as many states and territories have chosen to do, applying an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." V.I. R. CIV. P. Rule 8, Advisory Committee on Rules comment.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 11 of 16

(*Martin v. Martin*, 54 V.I. 379, 387 (V.I. 2010) (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Finally, the non-moving party need only "present more than a scintilla of evidence that may sway a jury" to overcome a finding of summary judgment. *Polanco*, 2024 VI 8, at ¶ 20 (*Williams*, 50 V.I. at 195 (quoting *Saldana v. Kmart Corp.*, 260 F.3d 228, 232, 43 V.I. 361 (3d Cir. 2011) (internal quotation marks omitted)).

¶20     Kevin has offered no affidavit or declaration to support his motion for summary judgment. He relies entirely on the statements in the Trust's original Complaint and Amended Complaint, both of which were verified by Paul Montrone, as Trustee of the Trust, as well as the Trust's Answers to Kevins' Requests for Admissions.[12]   Clearly, Kevin is attempting to use the Trust's own words against it, as he has the right to do. But he offers no independent affirmations of his own.[13]

¶21     Kevin argues at length that the June 2012 Note was executed without proper consideration and is therefore unenforceable. His reasoning is premised on several grounds. First, he relies heavily on the Trust's admission to Defendant's Request for Admissions that "the sole consideration provided for the trust notes was the transfer of the sums of money listed on the trusts notes . . . ."[14] On that basis, Kevin argues that the Trust has in effect made a "judicial admission" on what exactly constituted the consideration for those Trust Notes.[15]

---

[12] Under separate order dated November 6, 2024, the court granted the Trust's motion to amend its answer to the Request for Admissions.

[13] Even Kevin's first two "undisputed facts" are actually statements about what the Trust must prove to prevail on its claims.

[14] Def.'s Mot. for Partial Summ. J., at 9, 10.

[15] Def.'s Mot. for Partial Summ. J., at 5, 10: "In this case, the consideration required to form the 2012 Trust Note and the consideration required to form the 2014 Trust Note have been established via judicial admission and are no longer open to dispute."

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 12 of 16

¶22    Second, Kevin argues that the loans that were consolidated in the June 2012 Note were executed years prior to the existence of the Trust and the June 2012 Note itself.[16] He further argues that the Trust has not presented evidence that the August 2009 Note was ever canceled, assigned, or discharged. By extension, because the August 2009 Note makes up the majority of the June 2012 Note, Kevin argues the cancellation of the August 2009 Note was necessary to provide requisite consideration for the June 2012 Note.[17] Thus, Kevin argues that the June 2012 Note, as well as the earlier notes, are unenforceable as past consideration is not proper consideration.

¶23    The Trust counters that consideration is always presumed,[18] and as a result, Kevin bears the burden of rebutting the presumption of consideration and has failed to provide any evidence to rebut the presumption. The Trust asserts that the Cogans were in fact given the money as described in the Notes and the notes were consolidated, and because the notes are negotiable and assignable, Montrone had the right to assign the notes that were payable to him to the Trust. In addition, the Trust takes the position that an Answer to the Defendant's Request for an Admission does not deprive the Trust of the right to further clarify or explain its responses.[19]

---

[16] Def.'s Mot. for Partial Summ. J., at 8, 10: "On this record, it is also manifest that the requisite consideration was never provided as the Trust has pointed to loans as evidence of the transfer of those funds, and those loans were made years before the existence of the Trust and years before the June 1, 2012 Trust Note."; "So, we are clearly speaking of past consideration and there is therefore no consideration and the June 1, 2012 Trust Note is clearly a nullity under New Hampshire law." *Id.*

[17] Def.'s Reply, at 14: "Again we have a complete failure of consideration $4,964.779.00 in required consideration based on multiple judicial admissions, exactly $4,964.779.00 in alleged consideration in the form of allegedly cancelled promissory notes ($4,314,779.00 + $300,000.00 + $200,000.00 + $150,000.00 = $4,964,779.00) based on the Opposition and exactly no evidence that any of the promissory notes were legally cancelled to provide consideration to form the June 1, 2012 Trust Note. Without consideration, the June 1, 2012 Trust Note is unenforceable and the Trust's claims based upon the June 1, 2012 Trust Note must be dismissed with prejudice."

[18] N.H. Rev. Stat. § 382-A:3-104(a): "Notes are negotiable instruments." *See also* Pl.'s Opp'n. at 11, 19.

[19] Pl.'s Opp'n, at 15, 19.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 13 of 16

¶24    The Trust provides a declaration by Montrone that affirms that:

1.    Between June 1, 2006, and May 12, 2008, Montrone personally loaned $3,900,000 to Kevin and Michele in a series of promissory notes which they executed. The interest rates on those loans varied from 2.74% to 5.21% per annum.

2.    The notes described in the preceding paragraph were consolidated in August 2009 with a lower interest rate.

3.    In August 2009 Kevin and Michele executed a new promissory note in the amount of $4,314,779.00, which represented the $3,900,000 then owed plus $414,779 in accumulated interest. This new note carried an interest rate of 0.83%.

4.    The notes that predated August 2009 were canceled.

5.    Between June 2011 and June 2012, Kevin and Michele borrowed $650,000 from the Trust.

6.    On or about June 1, 2012, Montrone transferred his interest in the August 2009 promissory note to the Trust.

7.    On or about June 1, 2012, Kevin and Michele executed a new promissory note for the sum of $4,964,779, payable to the Trust.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 14 of 16

8. The June 2012 Note was supported by the cancellation of the $4,314,779.00 August 20, 2009, promissory note,[20] along with the $650,000 Kevin and Michele owed the Trust.[21]

¶25     Kevin's list of "undisputed facts" relies heavily on the lack of evidence that the August 2009 Note was canceled. But the lack of evidence of a note marked "CANCELED" does not create an undisputed fact. The lack of a note marked "canceled" is not proof that it was not canceled. Kevin has not given any sworn statement that the August 2009 Note was not canceled. Kevin's most meritorious argument for arguing it was not canceled is the Trust's response to a RFA, which it has now amended. In addition, Montrone submitted a sworn declaration that the August 2009 Note was canceled. There is no evidence that Montrone or the Trust are making any claim against Kevin for the sum of August 2009 Note.[22]

¶26     The Trust's response to the Defendant's Request for Admission indicates that the Trust "admits that the sum of money listed on the [June 1, 2012] Note consisted of cash and interest on loans extended by Paul M. Montrone and the Trust between June 2006 and June 2012, *which were assigned to and cancelled by the Trust and replaced with a single Note at a lower rate of interest*

---

[20] Pl.'s Opp'n, Ex. 2, Declaration of Paul Montrone, dated May 25, 2018, at ¶ 6: "On or about June 1, 2012, I transferred my interest in the August 2009 promissory note to the Trust. Kevin, Michele and I (on behalf of the Trust) then executed a new promissory note with the Trust as obligee in the amount of $4,964,779.00. *The note consolidated the $4,314,779.00 note formerly owed to me personally and the $650,000.00 owed to the Trust, which were then considered null and void. Kevin and Michele received all of this money by the time the June 1, 2012, note was executed.* At 0.23%, the $4,964,779.00 note had an even lower interest rate than the previous notes - a term that again was entirely intended to benefit Kevin and Michele, giving them significant relief from accumulating interest. This benefit is especially clear when one considers the fact that that [*sic.*] Kevin and Michele had not made any payments on any of the loans described above."
[21] Pl.'s Ex. 2.

[22] If the Trust or Montrone were pursuing collection of the August 2009 Note, the claim for the unpaid interest would be much higher as the interest rate in the 2009 Note was higher than the 2012 Note.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 15 of 16

. . ." (alteration in the original)(emphasis added). Further, the Trust submitted a Declaration of Paul M. Montrone where Montrone states that the Cogans had received all of the money for the June 1, 2012, Note and at a "0.23% the $4,964,779.00 note had an even lower interest rate than the previous notes."[23] Outside of relying on the Request for Admission, the Complaint, and the Trust Notes which both Kevin and Michele signed, Kevin has provided nothing in further in support of the contention that the June 1, 2012, Note is not supported by adequate consideration. This causes the court to find there is no valid dispute that the August 2009 Note was not canceled. As a result, there is no issue of material fact that there was consideration for the June 2012 Note. This of course is opposite to the relief Kevin is seeking.

¶27    As such, the court is not persuaded that Kevin has presented evidence showing a genuine dispute surrounding the material fact of consideration for the June 1, 2012 Note.  However, inasmuch as this is Kevin's motion for summary judgment, not the Trust's, the court must deny the motion.

## CONCLUSION

¶28    Despite failing to plead lack of consideration as an affirmative defense, the court considered Kevin Cogan's claim that the notes lacked consideration. But, the Trust provided sufficient evidence to show consideration for the June 2012 Note. Accordingly, Defendant Kevin Cogan is not entitled to judgment as a matter of law and his motion for partial summary judgment will be denied.

---

[23] Pl.'s Ex. 2, Declaration of Paul Montrone dated May 25, 2018, at ¶ 6.

*Paul Montrone Revocable Trust of 2010 v. Kevin Cogan*
Case No. ST-2016-CV-00563
Memorandum Opinion – Kevin Cogan's motion for summary judgment
Page 16 of 16

Cite as 2024 VI Super _____

An Order consistent with this Memorandum Opinion will be entered.

DATED: November 25, 2024

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor  12 / 2 / 2024

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands